# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2021

Lyle W. Cayce
Clerk

No. 19-60738
Summary Calendar

Sukhdeep Singh,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 201 422 112

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Sukhdeep Singh, a native and citizen of India, petitions us to review the Board of Immigration Appeals' approval of his order of removal. He argues that he has proven the elements of his asylum claim on the basis of past persecution and fear of future persecution. The Board rejected Singh's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

appeal of his past persecution claim on the grounds of the harm he described not being extreme enough. The Board also rejected Singh's fear of future persecution claim because Singh did not show relocation within his home country would be unreasonable. We review decisions of the Board with deference and so only overturn their conclusions when the evidence compels us. *See Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007)

Persecution for the purposes of a past persecution asylum claim must be extreme conduct. *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006); *see also Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). Our precedent holds that harm analogous to what Singh described experiencing does not rise to the level of persecution. *See, e.g., Abdel-Masieh v. INS*, 73 F.3d 579, 584 (5th Cir. 1996); *Eduard v. Ashcroft*, 379 F.3d 182, 187-88 (5th Cir. 2004). Therefore, the Board's decision is in line with the law of this circuit.

Asylum can also be based on a reasonable fear of future persecution. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444-45 (5th Cir. 2001). Even assuming that the fear was subjectively reasonable, that fear must also be objectively reasonable and this element is not fulfilled when internal relocation is reasonable. 8 C.F.R. § 208.13(b)(2)(ii). Reviewing the evidence does not compel us to find that relocation is unreasonable in this case. *See Zhu*, 493 F.3d at 593.

DENIED.